IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 10-0111-LRR |
| ) | |
| vs. ) | |
| ) | |
| CHAN GIA DUONG, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S REVISED SENTENCING MEMORANDUM

The United States hereby provides its sentencing memorandum.

**A.   Government Witnesses:**

At this time, the government anticipates calling SA Christopher Cantrell and SA Jeff McGuire.

**B.   Government Exhibits:**

Exhibit 1 - Search Warrant Affidavit
Exhibit 2 - Peony Revenue Figures 2004 to 2008
Exhibit 3 - Peony Revenue Figures 2009-2010 (Partial)
Exhibit 4 - Photo of payroll envelope
Exhibit 5 - Photo of some of the currency seized from residence
Exhibit 6 - Photo of seized cashier's checks
Exhibit 7 - Photo of cash seized from Long at Linn County Jail

**C.   Sentencing Issues:**

During the preparation of the presentence report, the only issue raised by defendant was a request for a variance. Based upon recent events, it appears defendant has not demonstrated acceptance of responsibility as set out below. In defendant's plea agreement, the United States agreed defendant was timely in the entry of his guilty plea, but the agreement was silent on the issue of the first two levels

of acceptance of responsibility. Based upon recent developments, it appears defendant has continued to engage in conduct that is inconsistent with acceptance of responsibility under USSG §3E1.1. USSG §3E1.1 requires a defendant to "clearly accept responsibility" to be eligible for a two-level reduction. USSG §3E1.1. A defendant's continued engagement in criminal conduct or association with individuals involved in criminal conduct is inconsistent with acceptance of responsibility. *United States v. Ngo*, 132 F.3d 1231, 1233 (8th Cir. 1997). Even unrelated criminal conduct committed after a guilty plea can serve as the basis for a denial of acceptance of responsibility. See *Peters v. United States*, 464 F.3d 811, 812-13 (8th Cir.2006); *United States v. Byrd*, 76 F.3d 194, 197 (8th Cir.1996); *United States v. Nguyen*, 52 F.3d 192, 194 (8th Cir.1995); *United States v. Ngo*, 132 F.3d at 1233; *United States v. Thomas*, 989 F.2d 277, 277 (8th Cir.1993). In this case, the evidence will show defendant simply continued to participate in substantially the same scheme to defraud the United States along with state and local governmental bodies.

After conducting an investigation into defendants' activities, agents presented an affidavit in support of search warrants for both Peony Restaurants and defendant's home in Vinton, Iowa. (Redacted copy attached as Government Exhibit 1). This affidavit described financial activity that was consistent with a variety of fraudulent activities, including, but not limited to: 1) conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; 2) wire and/mail fraud, in violation of 18 U.S.C. §§ 1341 and 1342; and also 3) sales tax fraud, in violation of Code of Iowa, Chapter 423.40 (3).

As noted in the affidavit, deposits of currency into the business bank accounts during 2010 and 2011 was only approximately 22% of the total amount deposited.

During the time leading up to the search in 2008, the deposit of cash into the Peony bank accounts was 14% to 24% of the total deposit being cash. Using the business records seized during the November 2008 search, the actual gross sale at the Vinton restaurant was 48% cash and the total gross sale for the Toledo restaurant was 63% cash.

Government Exhibit 2 is a summary of sales figures for the Peony Chinese Restaurants. The "Actual-Vinton" and "Actual-Toledo" columns are the figures taken from the defendant's hand written sales log seized in November 2008. The "DOR-Vinton" and "DOR-Toledo" columns are the sales tax figures the defendants used as sales figures when submitting their sales tax returns to the Iowa Department of Revenue. The "IRS-Vinton" and "IRS-Toledo" columns reflect defendants' reported sales submitted to the Internal Revenue Service (as reflected in documents obtained from defendant's accountant's records). During the time period of 2004 through the search in November 2008, the actual gross sales figures reported was significantly higher than the reported gross sales figures.

It appears the pattern of failing to deposit and report cash transactions has continued. During the course of the searches on May 3, 2011, agents seized seven gold bars (five at the Vinton Restaurant and two at defendants' home) over $87,000 in cash, and again recovered handwritten sales logs that show gross sales figures well in excess of the amounts deposited into the business bank accounts. See Government Exhibits 3 (summary of actual sales records seized from defendants' home), and 5 (photographs of part of the currency seized at defendants' home).

Exhibit 3 summarizes Peony Restaurant sales records from the 4th Quarter of 2009 through the 4th Quarter of 2010.[1] The column labeled "Per Sales Records obtained @ SW Vinton" are figures taken from handwritten sales records believed to have been produced by defendants. The columns labeled "Per Accountant Worksheets obtained @ SW Vinton" and "Per Accountant Worksheets obtained @ SW Toledo" are figures taken from worksheets defendants are believed to have prepared and sent to their accountants to prepare sales and income tax returns for both restaurants. The columns labeled "Per Iowa DOR Sales Tax Returns Vinton" and "Per Iowa DOR Sales Tax Returns Toledo" are the gross sales figures reported by defendants to the Iowa Department of Revenue in support of their submission of sales tax collected. There is a significant disconnect between the actual sales figures and the figures reported to the Iowa Department of Revenue. For instance in the 2nd Quarter of 2010, actual sales from defendant's records seized in Vinton show gross sales of $107, 233.05, but the sales reported to the Iowa Department of Revenue was only $90,469.00, a difference of approximately $17,000. The pattern of a lack of significant of cash deposits through April 2011, and the significant difference in sales figures demonstrates defendant's continued involvement in misconduct.

In 2008 agents discovered defendant were paying some employees entirely by check and reporting 100% of wages to Iowa Job Service, but select employees had supplemental payments made in cash with the cash payments being unreported. This resulted in an underpayment of FICA withholdings and unreported income for state and

---

[1] This document is based upon information we have been able to review thus far. Additional analysis will be conducted as the documents are more thoroughly reviewed.

4

federal income tax purposes. The Iowa Job Service records showed this pattern continued. On May 3, 2011, during the search of the Peony Restaurant in Vinton, agents recovered a bank bag containing the payroll for the employees. (Government Exhibit 4). In the bank bag some employees had only a paycheck, but some select employees had their paycheck bundled with currency. During the search of the restaurant on May 3, 2011, defendant Long attempted to secrete currency in the restroom.

On the evening of May 4, 2011, the day after agents executed the search warrants, both defendants were arrested for alleged violation of their presentence release conditions. Upon being taken into custody, Duong requested to give his wallet to Duong's son. Agents noticed the wallet was quite think and appeared to have a substantial amount of currency in it. When agents looked, they saw along with the currency were cashier's checks issued on May 3, 2011, to Duong, totaling $63,000 and a check for $90,000 made out to the Peony Chinese Restaurant. (Government Exhibit 6) Long also had a cashier's check made out to her in the amount of $13,100. (Government Exhibit 6) When Long was booked into the Linn County Jail, she was found to have $7,500 on currency. (Government Exhibit 7).

Defendant has not "clearly demonstrate[d] acceptance of responsibility" and should not receive the two-level reduction under USSG §3E1.1(a).

Respectfully submitted,

STEPHANIE M. ROSE
United States Attorney

By, *Pat J. Reinert*

PATRICK J. REINERT
Assistant United States Attorney
401 1st Street SE
Cedar Rapids, IA 52401
319-363-6333
319-363-1990 (fax)
Pat.Reinert@usdoj.gov

**CERTIFICATE OF SERVICE**

**I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on May 5, 2011.**

**UNITED STATES ATTORNEY**

**BY:** s/ *[signature]*

**COPIES TO: Tim McCarthy**