IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 10-0111-LRR |
| | ) | No. CR 10-0112-LRR |
| vs. | ) | |
| | ) | |
| CHAN GIA DUONG and PHUNG CA | ) | |
| LONG, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States hereby provides a supplemental sentencing memorandum.

**A.     Government Witnesses:**

The witnesses, and exhibits are as noted in the previous sentencing

memorandums

**C.     Additional Sentencing Issue:**

In our revised sentencing memorandum, the United States raised the issue

acceptance of responsibility.  The amended presentence reports identify this issue, but

note no grounds for departure.  (Duong PSIR ¶ 107, Long PSIR ¶ 103).  In addition to

the loss of acceptance of responsibility, the United States suggests the defendants'

continuation of their criminal conduct is also properly the basis for an upward departure

under USSG §§ 4A1.3, 5K2.21 and 5K2.0.  In this case the evidence will show

defendant's continued their fraud-related activities unabated by the criminal prosecution

or the fact that they were on presentence release after their guilty pleas were entered.

USSG 4A1.3(a) provides, in part:

UPWARD DEPARTURES.—

(1) STANDARD FOR UPWARD DEPARTURE.—If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.

(2) TYPES OF INFORMATION FORMING THE BASIS FOR UPWARD DEPARTURE.—The information described in subsection (a) may include information concerning the following:

* * *

(E) Prior similar adult criminal conduct not resulting in a criminal conviction.

USSG § 4A1.3.  USSG §5K2.21 provides:

The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

USSG §5K2.21.  USSG §5K2.0(a) provides:

Upward departures in general and downward departures in criminal cases other than child crimes and sexual offenses.—

(1)   In general. —The sentencing court may depart from the applicable guideline range if—

(A)   in the case of offenses other than child crimes and sexual offenses, the court finds, pursuant to 18 U.S.C. § 3553(b)(1), that there exists an aggravating or mitigating circumstance; or

(B)   in the case of child crimes and sexual offenses, the court finds, pursuant to 18 U.S.C. § 3553(b)(2)(A)(i),  that there exists an aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described.

USSG §5K2.0.  In this case, defendants continued their frauds and have not been

prosecuted for these new offenses and some offenses not charged pursuant to the plea

agreement.

When a defendant commits new crimes which are similar to the charged conduct

an upward departure at sentencing is appropriate.  <u>See</u>  *United States v. D'Andrea*, 473

F.3d 859, 864 (8th Cir. 2007) (uncharged child enticement used in upward departure

pursuant to USSG §5K2.21 in a child pornography and child enticement sentencing);

*United States v. Chesborough*, 333 F.3d 872, 873-74 (8th Cir. 2003) (along with other

factors, possession of multiple firearms constituted multiple felony offenses justifying an

upward departure USSG §5K2.21 in a prosecution for being a felon in possession of a

firearm);  *United States v. Ademi*, 439 F.3d 964, 966 (8th Cir. 2006) (uncharged assault

of undocumented alien, who was particularly vulnerable due to his undocumented

status, supported upward departure USSG §5K2.21 ).  Defendants' new crimes, if

prosecuted and sentenced, would subject the defendants to increased consecutive

penalty under 18 U.S.C. § 3147.  This extensive, continued pattern of criminal conduct

is not considered in determining the sentencing ranges for these defendants.

In the initial investigation the facts establish defendants committed money

laundering by conducting financial transactions using the proceeds of alien harboring

and other frauds (mail and wire) to promote the carrying on of the alien harboring and to

conceal the proceeds of harboring and various frauds committed by the defendants.

The defendants mailed payments of the "employment fee" charged by Good Again Job

Service by withholding the fee from the illegal alien's first pay check.  The defendants

also conducted financial transactions by placing proceeds of harboring, mail fraud and

wire fraud into safety deposit boxes and conducting other financial transactions related to the purchase of real and personal property with proceeds of criminal activity.   There are numerous substantive money laundering violations not yet prosecuted.

Upon being accorded the privilege of being placed on release pending sentencing defendant's committed numerous violations of state and federal law.  The failure to collect and properly pay over sales tax is a felony violation of Code of Iowa § 422.58(3).  The evidence showed some of the fraudulent sales tax payments were mailed, constituting mail fraud pursuant to 18 U.S.C. §1341.  The income tax records seized in the search also appear to show both defendants have filed false tax returns for a number of years with both the federal government (in violation of 26 U.S.C. § 7201, et. seq.) and the State of Iowa (in violation of Code of Iowa §§ 422.25, 714.8 and 714.9 (fraud exceeding $10,000).

Defendants were paying employees partially in cash without reporting the true wages to any governmental agency and failing to properly withhold state and federal income taxes and payroll taxes (including Medicare withholding).  The failure to properly withhold income and payroll taxes of employees is a crime under state and federal law. See Code of Iowa §§ 422(10), 714.8 and 714.8 (fraud exceeding $1000), 26 U.S.C. § 7202 (failure to collect and pay over taxes).  Since the filing of these returns were by Internet or mail, the false payroll income reports constitutes mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

Finally, both defendant were on release and were under court supervision when they committed serious new law violations.  As a term of their release, they promised to not violate any state, federal or local law.  Both defendants have violated state and

4

federal law. As noted in 18 U.S.C. § 3148, a sanction for a violation of a condition of

release can be a prosecution for contempt of court. This prosecution, if instituted, could

result in the imposition of additional terms of imprisonment.

Upward departure for defendants' commission of a potpourri of felony offenses

(some while on release by this Court) show: 1) these defendants' criminal history

category substantially under-represent the likelihood these defendant will commit other

crimes; 2) does not reflect the actual seriousness of the offenses for which they are

being sentenced based on conduct that has been not pursued; and 3) the commission

of numerous felony offenses on release is a factor not adequately taken into account in

the calculation of the guideline sentence. A substantial upward departure is warranted.

Respectfully submitted,

STEPHANIE M. ROSE
United States Attorney

By, *Patt Reit*

PATRICK J. REINERT
Assistant United States Attorney
401 1st Street SE
Cedar Rapids, IA 52401
319-363-6333
319-363-1990 (fax)
Pat.Reinert@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that I electronically served a copy
of the foregoing document to which this
certificate is attached to the parties or
attorneys of record, shown below, on May
31, 2011.

UNITED STATES ATTORNEY

BY: s/

**COPIES TO:**
**Keith Rigg**
**Timothy McCarthy**